ARCHER *v.* TURRELL.

Opinion delivered February 4, 1899.

SPECIFIC PERFORMANCE—WHEN ENFORCED PRO TANTO.—Where several tracts of land were sold for a lump sum, and a note was given for the purchase money, conditioned that it should not be paid until the vendee's title to all of the land had been perfected, upon failure of the vendors to make title to any part of the land the vendee may elect to rescind the sale, restoring what he has received; but if he do not so elect, and the vendors have endeavored in every way possible to perform their part of the agreement, and failed as to part, the proper course is to deduct enough from the principal of the note to compensate for such failure. (Page 174.)

Appeal from Pulaski Chancery Court.

THOMAS B. MARTIN, Chancellor.

*Carmichael & Seawel*, for appellants.

The stipulation that the note should be null and void in case of failure to procure the deeds was a liquidation of damage in case of breach of the contract. 54 Ark. 340; 56 Ark. 405. The fact that the actual damage could be subsequently ascertained would not alter the effect of the stipulation. 57 Ark. 168; 42 Mo. 606. Even if the stipulation is held void, as being a penalty, the delivery of the deed from Smith is a condition precedent to appellee's right to sue on the note. 22 N. H. 109; Anson, Cont. 399–400–402; 7 Am. & Eng. Enc. Law (2d Ed.), 118; 34 S. W. 443; 62 Ark. 43; 27 Tex. 145. Equity will relieve from a penalty, but not from a condition precedent. 2 Edw. Ch. 78; 53 Me. 499; 61 Ark. 512; 11 N. Y. 25; 10 Am. & Eng. Enc. Law, 178; 19 Johns. 69. Appellant's agreement was to buy all of the land, and he had the right to refuse less, and rescind the contract. 18 S. E. 917; 47 Pac. 215; 24 L. R. A. 763–8; 25 S. W. 276; 36 S. W. 1080; 63 Ark. 548; 4 Madd. Ch. 122; 60 Ark. 39–45; 1 Madd. Ch. 326.

*Marshall & Coffman*, for appellees.

A stipulated sum, to be paid in case of breach of contract, will be taken as the innocent party's measure of damages only when it will no more than compensate his loss; but if it will more than do this, it is a penalty. 59 N. W. 893; 57 Ark. 168; 68 Am. Dec. 85, note; 4 Am. Dec. 323; 9 Am. Dec. 46; Rawle, Cov. §§ 186–7; 99 Am. Dec. 78–9; 2 Suth. Dam. 289; 30 Atl. 265; 18 S. W. 425; 66 N. W. 253; 27 S. W. 914. The warranty of each of the grantors only extended to his share, and the making of a deed to the whole was not a condition precedent. Rawle, Cov. §§ 250, 298; 59 Ark. 299. Appellant knew what he was buying; and this knowledge would debar his attempted rescission, even if the contract was executory. 28 Am. & Eng. Enc. Law, 151; 70 Am. Dec. 333; 25 Ark. 196. Inevitable accident, preventing performance, is a defense in such a case as this. 61 Am. Dec. 85. As to measure of damages, see Rawle on Covenants, § 340.

BATTLE, J. On the 15th day of October, 1894, Josephine Turrell owned the southeast quarter of the northwest quarter and the northwest quarter of the southwest quarter of section thirty-one, in township three north and in range twelve west; and Josephine Turrell, Augusta D. Kirkman, Josie Stevenson, Jessie Turrell, Edwin Smith and Norma Smith owned the east half of the southwest quarter of the same section, Edwin and Norma Smith owning one undivided fourth. Josephine Turrell, Augusta D. Kirkman, Josie Stevenson, and Jessie Turrell, for themselves and Edwin and Norma Smith (the last two being minors), sold all of this land to William F. Archer at and for the price and sum of one thousand dollars, and conveyed the same, except one fourth of the last mentioned tract, to Archer, promising that Edwin and Norma Smith would each convey to him their respective one-eighth thereof when they became of age. Archer paid of the purchase money five hundred dollars, and for the residue executed his note as follows:

"$500.00. Little Rock, Ark., Oct. 15, 1894. On or before two years after date, I promise to pay to the order of Josephine Turrell, Augusta D. Kirkman, Josie Stevenson, Jessie Turrell, Edwin Smith and Norma Smith the sum of five

hundred dollars, with interest at the rate of 6 per cent. per annum from date until paid, all of said interest payable being the three deferred payments for the following described property, to-wit: S. E. $\frac{1}{4}$ N. W. $\frac{1}{4}$, N. W. $\frac{1}{4}$ S. W. $\frac{1}{4}$, and E. $\frac{1}{2}$ S. W. $\frac{1}{4}$ 31, 3 N., 12 W., as per deed of even date herewith, executed to maker hereof by said payees (for said land), except said Edwin Smith and Norma Smith, who are minors, and who will attain their majority before maturity of this note, when they are to execute deed to maker hereof for their interest in said E. $\frac{1}{2}$ S. W. $\frac{1}{4}$ 31, and this note not to be paid until they do execute said deed, and, should they refuse to do so, then this note to be null and void. This note is a lien on the property above mentioned.               [Signed]       W. F. ARCHER."

Norma Smith has since arrived of age, and executed a deed conveying her one-eighth of the last mentioned tract to Archer, and tendered the deed to him, and he refused to accept it. But Edwin Smith left this state, before becoming of age, and, although he reached the age of twenty-one before the maturity of the note, has not conveyed his interest. On account of this failure, Archer refused to pay the note for $500, and Josephine Turrell, Augusta D. Kirkman, Josie Stevenson, Jessie Turrell and Norma Smith brought this action to compel him to do so, less an amount equal to the value of Edwin's one-eighth, and to enforce a lien upon the land for the payment of the purchase money. They alleged that Edwin, without fault on their part, left this state before he was twenty-one years old, and has been absent one year or more, and, although they have endeavored in every way possible, they have been unable to find him, and that it is impossible to obtain his deed. Archer answered, but did not deny this allegation. His defense was, the note is not due and payable according to its terms, because Edwin Smith failed to convey his part of the property sold, and that he has been damaged in an amount greater than the sum due on the note by reason of such failure. He alleged that he had made improvements, of the value of $600, upon the land, and for that reason asked that the court declare the lien for the purchase money fully satisfied.

Upon the final hearing of the cause all the foregoing facts were shown, and evidence was adduced tending to prove that

there was a residence on the land at the time Archer purchased; that it was fully worth the sum of $200, if not more; that it had been destroyed by fire since the purchase; that Archer had made many valuable improvements on the land while he occupied it; and that the tract of land, of which Edwin Smith owns one eighth, is of the value of $240.

The court below rendered a judgment in favor of the plaintiffs against Archer for the sum of $449, the amount due on the note less $40, deducted on account of the failure of Edwin Smith to convey as before stated, and $30 paid on the first of November, 1895, and ordered that the land be sold to pay the judgment.

The conveyance by Edwin and Norma Smith of their interest in the east half of the southwest quarter of section thirty-one was made a condition precedent to the payment of the note sued on. It is said in the note: "And this note not to be paid until they do execute said deed." A part of this condition has not been performed,—Edwin Smith has not executed a deed according to agreement. Plaintiffs alleged in their complaint, and defendants did not deny, that they have endeavored in every way possible to perform this part of their agreement, and have been unable to do so, and that it is impossible to obtain Edwin's deed. Are they remediless?

The effect of the failure of plaintiffs to perform their agreement authorized Archer to rescind his contract of purchase by placing the vendors (plaintiffs) *in statu quo.* He could not hold the property, on account of this failure, without any obligation to pay for it resting upon him. The failure to perform the condition precedent did not work a forfeiture to him of the property or compensation for it. He was under obligations to pay for it or rescind the contract by which he held it. But he did not elect to rescind by restoring what he had received and receiving in return what he had paid. In fact, he could not have done so, the residence upon the land, a valuable part of the property purchased, having been destroyed. On the other hand, he placed valuable improvements upon the land, and was unwilling to surrender them without compensation. In view of all these facts, the equitable course to pursue was to deduct enough from the principal of the note for the

purchase money to fully compensate for the loss of Edwin Smith's interest, and render judgment for the remainder and interest, less the $30 which have been paid. Pomeroy, Contracts (2d Ed.), § 327, and cases cited; 2 Story, Eq. Jur. §§ 772, 775. The chancery court endeavored to do this, but probably deducted too much on account of Edwin Smith's portion. But, as no one complains of this, the decree will be affirmed.